## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CRYSTAL SILVERTHORN,   CASE NO.:

    Plaintiff,

v.

CRYSTAL MOTOR CAR
COMPANY, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## DECLARATORY RELIEF REQUESTED

Plaintiff, CRYSTAL SILVERTHORN ("Ms. Silverthorn" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), seeking recovery from CRYSTAL MOTOR CAR COMPANY, INC. ("CMCC" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq.*

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Hernando County, Florida.

3. Defendant is a Florida profit corporation that is located in Crystal River, Citrus County, Florida, and does business in Hernando County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Hernando County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) she suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## **FACTUAL ALLEGATIONS**

7. Plaintiff worked for Defendant, most recently in Incentive Claims at CMCC's Crystal Chrysler Dodge Jeep of Brooksville dealership location in Brooksville, Hernando County, Florida, from September 15, 2011, until her termination on August 29, 2021.

8. In early June of 2021, Ms. Silverthorn, who had been in a car accident in or about July of 2020, informed CMCC Supervisors Paul and Lois that she was suffering serious health conditions which had gotten so severe that it was affecting her driving ability.

9. Specifically, Ms. Silverthorn suffered herniated and bulging discs in her lumbar and cervical spine, with associated pain, weakness, numbness, tingling, loss of strength, and loss of range of motion.

10. Ms. Silverthorn also suffered from serious migraine headaches.

11. Ms. Silverthorn asked whether it would be feasible for her to work at a CMCC or related Crystal Motor Cars company location that was less distant from her home.

12. Driving her motor vehicle exacerbated the pain and stiffness in Ms. Silverthorn's cervical spine, and gave her migraine headaches and nausea, all of which worsened the further that she drove.

13. In response to Ms. Silverthorn's disclosures, CMCC failed to provide Ms. Silverthorn FMLA paperwork, and failed to advise Ms. Silverthorn of her rights and obligations under the FMLA.

14. Instead, Paul told Ms. Silverthorn "you are a Crystal Motors employee and if you would like to keep your job you will work from here or not at all."

15. Later that day, Ms. Silverthorn called Lois seeking clarification about CMCC policies and procedures regarding serious health conditions.

16. During this conversation, Lois discussed the availability of FMLA leave in order for Ms. Silverthorn to treat and address her serious health condition.

17. Ms. Silverthorn applied, and was approved for, unpaid FMLA leave in order to treat and address her serious health conditions, including chiropractic treatment, pain management therapy, and treatment for her migraines.

18. Ms. Silverthorn's FMLA leave was approved for a continuous period from June 17, 2021, until September 13, 2021.

19. Beginning in mid-August of 2021, while recovering, Ms. Silverthorn reached out several times to CMCC via email in order to ascertain relevant details about her upcoming return to work at CMCC from FMLA leave, including questions about her job position and CMCC requirements.

20. Ms. Silverthorn's emails were met with no response from CMCC.

21. On August 31, 2021, Ms. Silverthorn reached out to CMCC again, as she had received no response to her inquiries about her impending return to work, and had just learned, too, that she had been locked out of CMCC company email.

22. On September 4, 2021, Lois stated that she would speak with Ms. Silverthorn about these matters on September 7, 2021.

23. On September 10, 2021, still not having heard anything from Lois or any other CMCC Supervisor about her return to work from FMLA leave, Ms. Silverthorn again reached out to CMCC to ask what was going on.

24. On September 13, 2021, Lois informed Ms. Silverthorn that CMCC had terminated Ms. Silverthorn's employment on August 29, 2021, while Ms. Silverthorn was out on approved FMLA leave.

25. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Silverthorn notifying CMCC of her serious health conditions, and in retaliation for Ms. Silverthorn utilizing or attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

26. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

27. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

28. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

29. The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

30. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization or attempted utilization of what should have been protected FMLA leave.

31. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

32. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

33. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33, above.

35. At all times relevant hereto, Plaintiff was protected by the FMLA.

36. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

37. At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide Plaintiff FMLA paperwork or inform her of her rights and obligations under the FMLA in response to her disclosure of her serious health conditions, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

38. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33, above.

41. At all times relevant hereto, Plaintiff was protected by the FMLA.

42. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

43. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for applying or attempting to apply for FMLA leave and for utilizing or attempting to utilize what should have been FMLA-protected leave.

44. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

45. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

46. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 7th day of September, 2022.

        Respectfully Submitted,

        **/s/ *Noah E. Storch***
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        10368 W. SR. 84, Suite 103
        Davie, Florida 33324
        Telephone: (866) 344-9243
        Facsimile:  (954) 337-2771
        E-mail: **noah@floridaovertimelawyer.com**

        *Attorneys for Plaintiff*